IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01192-LTB-MEH

SCOTT R. LOBATO,

    Plaintiff,

v.

DAN COUGAR, Acting Rio Grande Sheriff, in his individual capacity, *et al.*,

    Defendants.

---

### ORDER ON MOTION TO AMEND

---

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint ("Motion to Amend") [docket #95] on the District Court's order of reference [docket #97]. The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**A.    Background**

Plaintiff seeks to clarify an existing claim and add an additional claim to this lawsuit. The current operative Complaint was filed *pro se* and alleges generally that Defendant physically assaulted Plaintiff without provocation during transport to Alamosa County to attend a court proceeding. Docket #3 at 5-6. In the proposed Amended Complaint, Plaintiff, through counsel, seeks to change the Eighth Amendment claim to a claim under the Fourteenth Amendment, since Plaintiff was a pretrial detainee at the time of the assault. Docket #95-2 at 1. Also, Plaintiff seeks to add a First Amendment claim pursuant to his allegation that he was assaulted in retaliation for protesting Defendant's refusal to provide needed medication and shoes for the transport. *Id.* at 1-2.

Defendant contends that the Motion to Amend is unduly delayed and unnecessary. *See* docket #99 at 2. He specifically objects to the addition of the First Amendment claim, asserting that

is "changes the very nature of the dispute." *Id.* Defendant argues that, because this case is more than a year old and Plaintiff has been represented by counsel since December 29, 2008, the amendment at this time is unduly delayed and Defendant will suffer prejudice. *Id.* at 3. Plaintiff responds that much of the delay occurred as Defendant was "chased across the state for months in order to effectuate personal service," and that Defendant has not made a sufficient showing of prejudice to defeat the motion. Docket #100 at 2-3.

**B.     Analysis**

To seek an amendment of an operative complaint, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

The Court concludes that the proposed amendments are appropriate here. The motion itself is timely filed. The allegations in the Amended Complaint are similar to those already made in this case. Although Defendant is correct that the case is more than a year old, Defendant was only recently served and discovery does not conclude until September 22, 2009; therefore, the Court

perceives that addition of the new claim will not cause undue prejudice to Defendant (notably, neither party states whether written discovery and/or depositions have been completed; therefore, the Court assumes they have not).

Because neither undue delay nor undue prejudice have been established, the Court finds that justice requires granting Plaintiff's Motion to Amend.

### III.     Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [filed May 18, 2009; docket #95] is **granted**, and the Clerk of the Court is directed to accept the proposed Amended Complaint, found at docket #95-2, for filing. The Defendant shall file an answer or other response to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a).

Dated at Denver, Colorado, this 29th day of June, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge